GRAND GROVE U. A. O. D. OF OHIO V. PETER MULLEN ET AL.

MUTUAL DIVISION OF LODGE FUNDS UPON SURRENDER OF CHARTER VALID, THOUGH IRREGULAR.

A division of the funds of a subordinate lodge, upon the surrender of its charter and records to the grand lodge, made among all the remaining members thereof, will not be disturbed where such division comprehends everybody absolutely or contingently, presently or remotely interested in such funds, and no one having any real or substantial interest in the property, objects to the distribution made. The fact that the constitution provides for the distribution of such funds by the grand lodge as trustee will not defeat the division made, it appearing that a just and equitable result has been irregularly reached.

Sprigg & Fitzgerald, for plaintiff, cited:

Grand Lodge K. of P. v. Germania Lodge, 38 Atl. Rep. 341 [56 N. J. Eq. 63]; Howard v. Levering, 4 Circ. Dec. 236 (8 R. 614); King v. Bell, 36 Ohio St. 460; Rider v. Fritchey, 49 Ohio St. 285, 291 [30 N. E. Rep. 692; 15 L. R. A. 513]; Toledo v. Schulters, 5 Circ. Dec. 269 (11 R. 528); Newberger v. Finney, 9 Circ. Dec. 720 (17 R. 215; Roberts v. Roberts., 61 Ohio St. 96 [55 N. E. Rep. 411]; Bauer v. Samson Lodge, 13 Am. & Eng. Corp. Cas. 618; Madeira v. Mutual Ben. Society, 16 Fed. Rep. 749; Mitchell v. Insurance Co., 51 Pa. St. 402; Walsh v. Insurance Co., 30 Iowa 133, 145; Treadway v. Insurance Co., 29 Conn. 68; Penfield v. Skinner, 11 Vt. 296; Karcher v. Supreme Lodge, 137 Mass. 368; Royal Arcanum v. Coverdale, 93 Ill. App. 373; Hass v. Mutual Relief Assn., 49 Pac. Rep., 1056 [118 Cal. 6]; Lawson v. Howell, 50 Pac. Rep. 763 [118 Cal. 613]; Stark v. Byers, 24 Pa. Co. Ct. Rep. 517; Livingston v. Lynch, 4 John Ch. (N. Y.) 573; Hall v. Supreme Lodge, 24 Fed. Rep. 450; Altman v. Berry, 27 N. J. Eq. 331; State Council v. Sharp, 6 Am. & Eng. Corp. Cas. 620; Thomas v. Ellmaker, 1 Pars. Sel.

Cases (Pa.) 98; Duke v. Fuller, 9 N. H. 536 [32 Am. Dec. 392]; Nichols v. Bardwell Lodge, 48 S. W. Rep. 1091 [20 Ky. Law 1236].

Chris. Von Seggern, for defendant, cited:

Austin v. Searing, 16 N. Y. 112 [69 Am. Dec. 665]; Wells v. Monihan, 29 N. E. Rep. 232 [129 N. Y. 161]; Wicks v. Monihan, 29 N. E. Rep. 139 [130 N. Y. 232; 14 L. R. A. 243]; Merrill Lodge v. Ellsworth, 20 Pac. Rep. 379, 400 [78 Cal. 166; 2 L. R. A. 841]; Independent Order of Forresters v. Donahue, 91 Ill. App. 585.

PER CURIAM.

The division of the funds in the treasury of Germania Grove No. 5 U. A. O. D., at the time of the surrender of its charter and records to the grand lodge by the seventeen remaining members, was in violation of the constitution and by-laws of the subordinate lodge and of the laws of the grand lodge under which the subordinate lodge was organized and maintained. If, therefore, anybody with a real or beneficial interest objected to the arrangement and division, it could be set aside and the recipients of the money compelled to return it.

The laws of the grand lodge and the constitution and by-laws of the subordinate lodge, to all of which a member subscribes, make the contract and establishes the relation between the parties.

It is admitted, however, that the grand lodge has no proprietary interest in the funds of the subordinate lodge, and if Germania Lodge No. 5 had paid the $1,051.92 into the grand lodge, the grand lodge would have been a mere naked trustee of the same, holding the fund for the uses and purposes of the organization, that is, paying benefits to the members of Germania Lodge No. 5.

This being so, and nobody having a real or beneficial interest in the fund being here and complaining, we do not see why the division made by the seventeen members, being everybody, absolutely or contingently, presently or remotely interested in the fund, should not stand, at least as against the grand lodge, on the principles whereby trusts are determined where all the parties who are or may be interested in the trust property are in existence, and *sui juris* and consent and agree thereto. Trusts are never maintained for the benefit of the trustee. See Perry Trusts, Sec. 920.

True, it might have been more orderly to have procured this division by the sanction of the grand lodge and through its processes or by decree of a court of equity, but the division being accomplished and no wrong having been done or complained of, a court of law will not disturb or undo it merely because **a just and equitable result has been irregularly** reached.

Judgment affirmed.